# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| RICARDO DE LEON TREJO, | ) | |
| | ) | Case No. 3:26-cv-47 |
| *Petitioner*, | ) | |
| | ) | Judge Atchley |
| v. | ) | |
| | ) | Magistrate Judge Poplin |
| SCOTT LADWIG and TOM SPANGLER, | ) | |
| | ) | |
| *Respondents*. | ) | |

## <u>ORDER</u>

Before the Court are Petitioner Ricardo De Leo Trejo's "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" [Doc. 1] and "Emergency Motion for Temporary Restraining Order and Preliminary Injunction" [Doc. 2]. As set forth below, the Court will grant Petitioner's motion in part and order Respondents to respond to the petition.

## I.      BACKGROUND

Petitioner, whose nationality is not identified, entered the United States without inspection and has lived in the United States "for several years." [Doc. 1 at 7]. He has three children and a partner who are United States citizens. [*Id.*]. Petitioner claims to have "a pending application [f]or lawful permanent residence and an approved work permit" and to have "voluntarily presented for prior immigration appointments." [*Id.*]. Petitioner also states he "has no notable criminal history." [*Id.*]. Petitioner alleges that on January 27, 2026, officers of the United States Immigration and Customs Enforcement Services ("ICE") "illegally profiled [Petitioner] and initiated a baseless stop while [Petitioner] was leaving a Home Depot." [*Id.* at 5, 7]. Petitioner maintains that he is being unlawfully held at the Knox County Jail in Knoxville, Tennessee, without a bond determination as a person "seeking admission" to the border under mandatory detention provisions of the

Immigration and Nationality Act ("INA") § 235(b), codified at 8 U.S.C. § 1225(b). [*Id.* at 6–7]. Specifically, Petitioner argues that his classification as an individual subject to mandatory detention is incorrect as a matter of law; that he is a member of a bond-eligible class, as certified by a federal district court; and that his continued mandatory detention violates due process. [*Id.*]. He now petitions the Court to issue an order that (1) stays his transfer from the Eastern District of Tennessee; (2) issues a writ of habeas corpus to release him from Respondents' custody, or, alternatively, orders Petitioner to receive an individualized bond determination; and (3) grants Petitioner's motion for a Temporary Restraining Order ("TRO") and orders his release pending final adjudication of his petition. [*Id.* at 8].

## II. ANALYSIS

Habeas relief may be granted when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 confers jurisdiction on district courts to hear habeas corpus challenges to the lawfulness of noncitizen's detention. *See Rasul v. Bush*, 542 U.S. 466, 483–84 (2004); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) (providing that habeas corpus is the appropriate remedy to determine the legality of a person's custody); *see also Trump v. JGG*, 604 U.S. 670, 672 (2025) ("Regardless of whether the detainees formally request release from confinement, because their claims for relief 'necessarily imply the invalidity' of their confinement and removal . . . their claims fall within the 'core' of the writ of habeas corpus and must be brought in habeas." (quotation omitted)).

But until his petition can be resolved, Petitioner moves the Court for an Order enjoining Respondents from transferring Petitioner outside the Eastern District of Tennessee, requiring Petitioner's immediate release from custody, and waiving any security bond requirement pursuant to Rule 65(c) of the Federal Rules of Civil Procedure. [*See* Doc. 2 at 3].

Petitioner's motion is governed by Rule 65 of the Federal Rules of Civil Procedure, which applies to both TROs and preliminary injunctions. While a preliminary injunction requires notice to the adverse party, the purpose of a TRO is to preserve the status quo until an adversarial hearing may be held for a preliminary injunction. FED. R. CIV. P. 65(b)(3); *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 438–39 (1974). The factors to be considered in determining whether a TRO or preliminary injunction should issue, however, are the same. *See, e.g.*, *Workman v. Bredesen*, 486 F.3d 896, 904–05 (6th Cir. 2007).

In determining whether to grant a request for preliminary relief, courts balance the following factors: (1) whether plaintiff "has shown a strong likelihood of success on the merits"; (2) whether plaintiff will suffer irreparable injury in the absence of an injunction; (3) whether the injunction will cause substantial harm to others; and (4) whether the injunction would serve the public interest. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citations omitted); *see also Nken v. Holder*, 556 U.S. 418, 426 (2009) (applying "traditional stay factors" to petition for a stay of removal).

The Court finds Petitioner has satisfied the factors necessary to warrant temporary injunctive relief. First, Petitioner is likely to succeed on the merits of his claim that he cannot be lawfully, mandatorily detained as an "applicant for admission" under the INA, because this Court, in agreement with most of the federal courts considering the matter, has already rejected the Government's interpretation of mandatory detention as applicable to individuals residing in the interior of the United States. *See, e.g.*, *Patino v. Ladwig*, No. 3:25-cv-569, 2025 WL 3628450 (E.D. Tenn. Dec. 15, 2025) (relying on *Jennings v. Rodriguez*, 581 U.S. 281, 303 (2018)). Second, the deprivation of one's liberty "even for minimal periods of time, unquestionably constitutes

irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *see also Bonnell v. Lorenzo*, 241 F.3d 800, 809 (6th Cir. 2001) ("[W]hen . . . a constitutional right is being threatened or impaired, a finding of irreparable injury is mandated."). Finally, the third and fourth factors "merge when the Government is the opposing party." *Nken*, 556 U.S. at 435. These factors also support a stay, as Petitioner's due process rights are not diminished by his status as a non-citizen, *see Reno v. Flores*, 507 U.S, 292, 306 (1993) ("It is well established that the Fifth Amendment entitles aliens to due process of law[,]" and "[i]t is always in the public interest to prevent the violation of a party's constitutional rights[,]" *G&V Lounge, Inc. v. Mich. Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1994).

## III.   CONCLUSION

For the reasons set forth above, Petitioner's emergency motion [Doc. 2] is **GRANTED only insofar** as (1) Respondents are **ENJOINED** from removing Petitioner from the Eastern District of Tennessee or the jurisdiction of this Court for fourteen (14) days following entry of this Order, or until the petition if fully and finally disposed, whichever occurs first; and (2) the Court waives the requirement for a security bond, as the United States and its agencies are Respondents. *See* FED. R. CIV. P. 65(c).

Petitioner is **ORDERED** to effectuate immediate service of this Order and the underlying pleadings on Respondents and the U.S. Attorney's Office. Respondents are **ORDERED** to file any relevant administrative record and a response to the petition by **February 9, 2026**. *See* 28 U.S.C. § 2243. Petitioner may file any desired reply by **February 12, 2026**. If the petition is then not resolved on the developed record, the Court will set a hearing on Petitioner's motion for a preliminary injunction.

4

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**