# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

RICARDO DE LEON TREJO, )
) Case No. 3:26-cv-47
*Petitioner*, )
) Judge Atchley
v. )
) Magistrate Judge Poplin
SCOTT LADWIG and TOM SPANGLER, )
)
*Respondents*. )

## ORDER

Before the Court is Respondents' "Emergency Motion for Relief from this Court's Order [ECF 4] Enjoining Respondents from Removing Petitioner from the Eastern District of Tennessee," [Doc. 7], which Petitioner opposes, [Doc. 9].

## I.      BACKGROUND

On January 27, 2026, Petitioner Ricardo De Leon Trejo, a noncitizen who entered the United States without inspection, was detained by the Immigration and Customs Enforcement ("ICE") and held in the Knox County Jail without a bond determination. [*See* Doc. 1 at 1, 5, 7]. On February 2, 2026, he filed a federal habeas petition under 28 U.S.C. § 2241 challenging his classification as a mandatory detainee under the Immigration and Nationality Act ("INA"), [Doc. 1], and an emergency motion seeking, in part, to prevent his transfer outside the Eastern District of Tennessee, [Doc. 2].

On February 4, 2026, this Court entered an Order granting Petitioner's emergency motion insofar as it enjoined Respondents from removing Petitioner from this District for a period of fourteen (14) days or until the petition was resolved, whichever came first. [Doc. 4]. Mere hours later, counsel for Petitioner filed a Notice advising the Court that Respondents had removed

Petitioner from the Knox County Jail for transfer to Alabama despite knowledge that his emergency motion was pending, and Petitioner's initial master calendar hearing before the Immigration Court, which as of the filing of the petition had been scheduled for February 18, 2026, "was abruptly advanced—without notice or motion—to . . . February 5, 2026." [Doc. 5 at 2]. The Notice alleged that "[t]he simultaneous physical removal of Petitioner and the 14-day advancement of his hearing suggest[] a coordinated effort by the Executive Branch to secure a summary removal order before this Court can meaningfully adjudicate the legality of Petitioner's detention." [*Id.* at 2].

Respondents wasted no time responding with their own emergency motion seeking relief from the Court's Order enjoining them from removing Petitioner from this District. [Doc. 7]. In arguing for relief, Respondents note that (1) Petitioner was transferred prior to entry of the Court's Order; (2) the Knox County Jail is not an Immigrations and Customs Enforcement ("ICE") facility and is only used to temporarily house detainees for transport; (3) there are no ICE detention facilities in the Eastern District of Tennessee; (4) Petitioner is scheduled to appear before an immigration judge on February 5, 2026; (5) moving Petitioner outside of this District does not deprive the Court of jurisdiction; and (6) "ICE has policies and procedures in place to provide detainees with access to their counsel." [Doc. 7].

In opposition to Respondents' motion, Petitioner alleges (1) counsel for Petitioner detrimentally relied on Assistant United States Attorney ("AUSA") Robert McConkey's February 2, 2026, representation that he would "consult with [his] client agency and get back to [counsel]" regarding a voluntary stay of transfer; (2) the fact that Petitioner was booked into an Alabama facility prior to the docketing of this Court's Order enjoining Respondents from removing Petitioner from the District does not excuse Respondents' refusal to return Petitioner "once the

2

Court's command was known"; (3) Petitioner's February 5, 2026, hearing is a "manufactured exigency" intended to sever Petitioner's right to meaningfully consult with his Nashville-based counsel; (4) the absence of ICE facilities in this District "is a self-inflicted administrative hurdle that cannot override a Federal Court Order"; and (5) "Respondents' unilateral decision to remove Petitioner from this District inflicts a specific and profound irreparable harm on Petitioner's family that cannot be remedied by a 'form E-28' or a remote hearing." [Doc. 9].

## II.    ANALYSIS

While Petitioner had purportedly already been removed from this District when the Court's Temporary Restraining Order ("TRO") entered, the lawfulness of Petitioner's detention remains an open question. And the purpose of a TRO "is to preserve the status quo so that a reasoned resolution of a dispute may be had." *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir. 1996). To achieve that end, this Court declined to order Petitioner's release but required Respondents to stay his transfer so that he would be readily available for any court appearances necessary to resolve his petition, and he would have better access to his attorneys and family during the pendency of these proceedings. Thus, the circumstances underlying the petition and the Court's TRO have not changed, and the Court finds no cause to grant emergency relief from that Order.

## III.    CONCLUSION

For the reasons set forth above, the Court **DENIES** Respondents' motion. [Doc. 7].

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

3