# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| RICARDO DE LEON TREJO, | ) | |
| | ) | Case No. 3:26-cv-47 |
| *Petitioner*, | ) | |
| | ) | Judge Atchley |
| v. | ) | |
| | ) | Magistrate Judge Poplin |
| SCOTT LADWIG and TOM SPANGLER, | ) | |
| | ) | |
| *Respondents*. | ) | |

## ORDER

Before the Court is Petitioner's "Emergency Motion for Order to Show Cause Why Respondents Should Not be Held in Contempt and for Mandatory Injunction Ordering Immediate Release" [Doc. 18]. For the following reasons, the Motion [Doc. 18] is **DENIED WITHOUT PREJUDICE**.

## I.    BACKGROUND

On January 27, 2026, Petitioner Ricardo De Leon Trejo, a noncitizen who entered the United States without inspection, was detained by the Immigration and Customs Enforcement ("ICE") and held in the Knox County Jail without a bond determination. [*See* Doc. 1 at 1, 5, 7]. On February 2, 2026, he filed a federal habeas petition under 28 U.S.C. § 2241 challenging his classification as a mandatory detainee under the Immigration and Nationality Act ("INA"), [Doc. 1], and an emergency motion seeking, in part, to prevent his transfer outside the Eastern District of Tennessee, [Doc. 2].

On February 4, 2026, this Court entered an Order granting Petitioner's emergency motion insofar as it enjoined Respondents from removing Petitioner from this District for a period of fourteen (14) days or until the petition was resolved, whichever came first. [Doc. 4]. Mere hours

later, counsel for Petitioner filed a Notice advising the Court that Respondents had removed Petitioner from the Knox County Jail for transfer to Alabama despite knowledge that his emergency motion was pending, and Petitioner's initial master calendar hearing before the Immigration Court, which as of the filing of the petition had been scheduled for February 18, 2026, "was abruptly advanced—without notice or motion—to . . . February 5, 2026." [Doc. 5 at 2]. The Notice alleged that "[t]he simultaneous physical removal of Petitioner and the 14-day advancement of his hearing suggest[] a coordinated effort by the Executive Branch to secure a summary removal order before this Court can meaningfully adjudicate the legality of Petitioner's detention." [*Id.* at 2].

Less than one hour later, Respondent Scott Ladwig filed his own emergency motion seeking relief from the Court's Order enjoining him from removing Petitioner from this District. [Doc. 7]. In arguing for relief, Respondent Ladwig noted that (1) Petitioner was transferred prior to entry of the Court's Order; (2) the Knox County Jail is not an Immigrations and Customs Enforcement ("ICE") facility and is only used to temporarily house detainees for transport; (3) there are no ICE detention facilities in the Eastern District of Tennessee; (4) Petitioner was scheduled to appear before an immigration judge on February 5, 2026; (5) moving Petitioner outside of this District did not deprive the Court of jurisdiction; and (6) "ICE has policies and procedures in place to provide detainees with access to their counsel." [*Id.*].

The Court denied Respondent Ladwig's motion the following day. [Doc. 12]. That night, counsel for Petitioner filed another Notice, asserting (1) that Respondent Ladwig had moved Petitioner to Louisiana in willful non-compliance of the Court's prior Order enjoining Respondents from transferring him from this District, (2) that Petitioner's immigration case was transferred "to the *Atlanta Immigration Court*…with no future hearing date scheduled[,]" in an effort to secure

his summary removal and moot his petition  and (3) that at this point, the only efficacious relief would be to order his immediate release on recognizance. [Doc. 15 (emphasis in original)].

The following morning (i.e., today), Respondent Ladwig submitted his own Notice to the Court, rejecting Petitioner's allegations that he willfully failed to comply with the Court's Order and that he was attempting to frustrate this Court's ability to hear the petition. [Doc. 17]. Respondent Ladwig further represented "that ICE is actively working to comply with the Court's Order and return Petitioner to the Eastern District of Tennessee." [*Id.* at 1]. Finally, Respondent Ladwig stated that he would "notify Petitioner's counsel as soon as [his counsel had] confirmation of additional details." [*Id.*]. Less than one minute later, Petitioner filed the "Emergency Motion for Order to Show Cause Why Respondents Should Not be Held in Contempt and for Mandatory Injunction Ordering Immediate Release" currently before the Court. [Doc. 18]. In the Motion, counsel for Petitioner asserts that he "is no longer able to locate Petitioner through the ICE Online Detainee Locator System or VINElink, the DHS resource for locating detained individuals." [*Id.* at 1–2]. Because of this—and because counsel for Petitioner maintains that Respondent Ladwig is refusing to comply with this Court's prior Order and return Petitioner to the District—he requests the Court (1) order the Respondents to show cause why they should not be held in contempt, (2) order Petitioner's immediate release on recognizance, and (3) award Petitioner his reasonable attorney's fees and costs. [*See generally id.*].

In response, Respondent Ladwig incorporates his previously filed Notice [Doc. 17] and states that his counsel "has been informed that Petitioner will be flown to Gadsden, Alabama on Tuesday, February 10, and from there transported back to Knoxville, Tennessee on Wednesday, February 11." [Doc. 19 at 1]. Respondent Ladwig further notes that "[e]fforts are ongoing to arrange for Petitioner's return to Knoxville on the same day, February 10, 2026." [*Id.* at 1 n.1].

## II. ANALYSIS

"[A]n order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings." *United States v. United Mine Workers*, 330 U.S. 258, 293 (1947). If a party fails to obey a court order, then that party may be held in contempt. *See Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996).

Here, Petitioner asserts that Respondent Ladwig is in willful non-compliance of the Court's Order enjoining Petitioner's transfer because despite this Order, Petitioner was flown to Louisiana and still has not been returned to the District. [*See* Doc. 18 at 3]. He further accuses Respondent Ladwig of acting in bad faith and attempting to moot the petition. [*See id.* at 4]. He claims that because of this, the Court should order his immediate release on recognizance. [*Id.* at 5–6]. The Court disagrees.

While Petitioner has yet to be returned to the District, Respondent Ladwig has stated "that ICE is actively working to comply with the Court's Order and return Petitioner to the Eastern District of Tennessee." [Doc. 17 at 1]. He has further stated that he anticipates Petitioner will be returned to the District by February 11th at the latest. [Doc. 19 at 1]. The Court takes Respondent Ladwig at his word, particularly when considering the obligations imposed by Federal Rule of Civil Procedure 11. Accordingly, the Court does not find that Respondent Ladwig is in willful non-compliance of the Court's prior Order. Similarly, the Court does not find Respondent Ladwig has acted in bad faith. The federal immigration apparatus is vast and complex. That Petitioner's hearing date and location were abruptly and unexpectedly shifted does not necessarily mean Respondent Ladwig is engaged in a scheme to moot the petition. And without additional evidence

4

suggesting malicious intent, the Court is unwilling to find that Respondent Ladwig has acted in bad faith.

Considering the foregoing, the Court sees no reason to order Petitioner's release on recognizance.[1] Rather, the Court finds the more prudent course is to allow Respondent Ladwig additional time to secure Petitioner's in-custody transfer back to the Eastern District of Tennessee. Until such time as Petitioner is returned to the District, the Court will order Respondent Ladwig to provide regular updates regarding the status of Petitioner's transfer.

## III. CONCLUSION

For the reasons set forth above, Petitioner's motion [Doc. 18] is **DENIED WITHOUT PREJUDICE**. Respondent Ladwig is **ORDERED** to file a report regarding the status of his and the Government's efforts to return Petitioner to the Eastern District of Tennessee every day by **5:00 p.m. ET** until such time as Petitioner has been returned to the District.

SO ORDERED.

_/s/ Charles E. Atchley, Jr._
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court further notes that it previously denied Petitioner this relief when it granted in part his "Emergency Motion for Temporary Restraining Order and Preliminary Injunction." [Doc. 4 at 4].

5