| | | |
|---|---|---|
| RICARDO DE LEON TREJO, | ) | |
| | ) | |
| *Petitioner*, | ) | Case No. 3:26-cv-47 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| CHRISTOPHER S. BULLOCK[1] and TOM | ) | Magistrate Judge Poplin |
| SPANGLER, | ) | |
| | ) | |
| | ) | |
| *Respondents*. | ) | |

## ORDER

Before the Court is Respondent Christopher S. Bullock's "Emergency Motion for Relief from This Court's Order Enjoining Petitioner's Removal from the Eastern District of Tennessee" [Doc. 26]. For the reasons set forth below, the Court will **GRANT** Respondent Bullock's motion only to the extent it seeks to amend the Court's prior Order requiring Petitioner to be detained in the Eastern District of Tennessee.

## I.      BACKGROUND

Petitioner, a noncitizen native of Mexico, was taken into custody by Immigration and Customs Enforcement ("ICE") officers on January 27, 2026, in Knoxville, Tennessee, [*See* Doc. 1 at 2]. On February 2, 2026, he filed a habeas petition and motion for injunctive relief in this Court while detained in Knox County, Tennessee. [*See* Docs. 1, 2]. On February 4, 2026, this Court entered an Order temporarily enjoining Respondents from removing Petitioner from the Eastern District of Tennessee and requiring Respondents to respond to the petition. [Doc. 4 at 4].

---

[1] Because Christopher S. Bullock was recently named as Field Office Director of the New Orleans Field Office for United States Immigration and Customs Enforcement, he is automatically substituted for named Respondent Scott Ladwig. *See* FED. R. CIV. P. 25(d).

Former Respondent Ladwig moved for relief from that Order, noting Petitioner had already been transferred to a facility in Etowah, Alabama, by the time the Order was entered. [Doc. 7]. The Court denied the motion. [Doc. 12].

On February 6, 2026, Petitioner filed a motion alleging Respondent Ladwig was willfully non-compliant with the Court's Order in an effort to moot Petitioner's action, stating Petitioner had been moved to Louisiana and his immigration case transferred to Atlanta since the Court's Order had been entered. [*See generally* Doc. 18]. Petitioner also requested the Court order his immediate release. [Doc. 18 at 4–5]. Within hours of Petitioner's motion, Respondent Ladwig objected to Petitioner's characterization of the Government's motives and represented that efforts were being made to return Petitioner to this District. [Doc. 19]. The same day, the Court entered an Order denying Petitioner's motion, declining to find Respondent Ladwig had acted in bad faith, and declining to release Petitioner on recognizance. [Doc. 21]. The Court also ordered Respondent Ladwig to file daily reports "of his and the Government's efforts to return Petitioner to the Eastern District of Tennessee" until Petitioner's return was accomplished. [*Id.* at 5].

Over the next three days, Respondent Ladwig filed Notices that Petitioner was detained at Winn Correctional Center in Winfield, Louisiana; was scheduled to transport to Gadsden, Alabama by plane on February 10, 2026; and Petitioner would be transported to this District on February 10, 2026, if possible. [Docs. 22–24]. On February 9, 2026, Respondent Bullock filed a response to the habeas petition, in which he alleges that Petitioner is properly detained and that the petition should be denied. [Doc. 25].

Also on February 9, 2026, Respondent Bullock filed the emergency motion that is now before the Court, in which Respondent Bullock maintains that new information demonstrates that (1) there are no facilities in this District "available to house Petitioner in ICE custody"; (2) that the

nearest detention facility to house Petitioner in short-term ICE custody is the Etowah County Jail in Gadsden, Alabama; (3) that neither the Etowah County Jail nor any facility in this Distrct "has the ability to facilitate Petitioner's long-term detention or remote participation at a hearing before an immigration judge in his removal proceedings"; (4) that both the Winnfield Correctional Center (where Petitioner was housed at the time Respondent Bullock's motion was filed) and the West Tennessee Detention Facility in Mason, Tennessee, "both have the ability to house Petitioner on an extended basis and facilitate his remote attendance at an immigration hearing"; (5) that Petitioner has been in contact with his attorneys while outside this District; (6) that the United States will transport Petitioner to this District to attend any hearing at which his presence is required; and (7) denial of the relief requested by the United States will require ICE to release Petitioner upon his return to this District. [Doc. 26].

## II.    ANALYSIS

In partially granting Petitioner's motion for a temporary restraining order ("TRO"), the Court intended to "merely to preserve the relative positions of the parties' pending further proceedings." *A.A.R.P. v. Trump*, 605 U.S. 91, 96 (2025) (citation and internal quotation marks omitted). And it was consideration of this well-settled principle that guided the denial of Respondent Ladwig's motion for relief from the Order enjoining Petitioner's removal from this District. But that same principle, in light of changed circumstances, counsels a different result now. The Supervisory Detention and Deportation Officer of the Department of Homeland Security now testifies that there are no facilities in this District where Petitioner can be detained in ICE custody, and the Etowah County Jail in Gadsden, Alabama, is the closest location to this District where he can be held. [Doc. 26-1]. Accordingly, were the Court to deny the instant motion, Petitioner would be released, essentially granting him relief on the merits of his petition instead of simply preserving

3

the status quo. *See, e.g.*, *Gooch v. Life Investors Inc. Co. of Am.*, 672 F.3d 402, 433 (6th Cir. 2012) ("[A] preliminary injunction makes a prediction about the merits ruling and is not itself a merits ruling."). Therefore, the Court will modify its Order to the extent that Respondent Bullock may house Petitioner in the nearest facility where he can remain in ICE custody.

## III. CONCLUSION

Respondent Bullock's motion to amend the Court's TRO [Doc. 26] is **GRANTED** insofar as it enjoins Petitioner's removal from this District. The Court **ORDERS** Respondent Bullock to hold Petitioner in the Etowah County Jail in Gadsden, Alabama, until the Court's prior Order expires [*See* Doc. 4].

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

4