# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

RICARDO DE LEON TREJO,                )
                                      )
            *Petitioner*,              )            Case No. 3:26-cv-47
                                      )
v.                                    )             Judge Atchley
                                      )
CHRISTOPHER S. BULLOCK[1] and TOM     )          Magistrate Judge Poplin
SPANGLER,                             )
                                      )
                                      )
            *Respondents*.             )

## <u>ORDER</u>

On February 13, 2026, the Court granted in part and denied in part Petitioner Ricado De Leon Trejo's "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241[.]" [Doc. 30]. Specifically, the Court held that Petitioner was entitled to a bond hearing consistent with 8 U.S.C. § 1226(a) and ordered the Government to provide such a hearing within ten days. [*Id.* at 9–10]. The Court denied all other requested relief. [*Id.* at 10]. Because this Memorandum Opinion and Order fully resolved the petition, the Court entered judgment. [*See* Doc. 31].

On February 17, 2026, counsel for Petitioner emailed the undersigned's chambers and the Government to request a telephonic status conference. Specifically, Petitioner's counsel stated the following:

> Dear Judge Atchley,
>
> Petitioner Ricardo De Leon Trejo respectfully requests an emergency telephonic status conference this afternoon.
>
> Earlier today, Petitioner was informed by his family that ICE is currently in the process of transferring him from the Etowah County Jail to an undisclosed location.

---

[1] Because Christopher S. Bullock was recently named as Field Office Director of the New Orleans Field Office for United States Immigration and Customs Enforcement, he is automatically substituted for named Respondent Scott Ladwig. *See* FED. R. CIV. P. 25(d).

As of this email, the Government has failed to disclose the destination or a reasonable purpose for this transfer. Counsel for Petitioner has further confirmed via the EOIR system that **no bond hearing has been scheduled** for Mr. De Leon Trejo, despite the Court's February 13 Order [Doc. 30] mandating a hearing within ten days.

Petitioner is concerned that the Government is repeating its prior unauthorized transfer, and, at the very least, undersigned counsel should have been notified beforehand. While the Government contends the TRO has expired, Petitioner notes that the Court's February 10 Order [Doc. 29] specifically mandated that Petitioner be held at the Etowah County Jail.

Opposing counsel for the United States has indicated they are willing to join in a request for a conference to address these issues. Petitioner's counsel is available at the Court's convenience for the remainder of the day. Respondent's counsel "has a meeting scheduled to begin momentarily, which will likely last up to an hour. But [he] can make [himself] available if the court can only be available during that time."

(emphasis in original). Less than ten minutes later, the Government responded:

Good afternoon Your Honor:

Counsel for the government has communicated to counsel our understanding that the petitioner is to be transferred to a location where he can appear for a bond hearing. We further understand that DHS is in the process of requesting a bond hearing. We do not have knowledge at this time of a confirmed location. It is our understanding that the Court's order directing that Petitioner remain at Etowah County Jail until the court's prior Order (Doc. 4) expired, terminated with the full and final disposition of the petitioner, pursuant to the penultimate paragraph of the Court's February 4, 2026 Order (Doc. 4 at PageID# 27). Petitioner apparently disagrees. The USAO will make itself available at the Court's convenience.

This prompted a reply from Petitioner's counsel wherein he stated:

Your Honor:

Petitioner submits this brief response to the Government's characterization of the current crisis:

1. **Petitioner's Disagreement is Absolute:** The Government states that Petitioner "apparently disagrees" with its interpretation of the Court's orders. To be clear, Petitioner **emphatically and fundamentally** disagrees. The Court's February 10 Order [Doc. 29] was not a mere suggestion; it was a specific mandate that Respondent Bullock hold Petitioner at the Etowah County Jail. That order was premised on the Government's own representation that Etowah was the closest

2

and most appropriate facility. Considering the government has chosen to disregard and violate the Court's prior orders, the concern is substantiated.

2. **No Logistical Necessity for Transfer:** The Government's claim that it must move Petitioner to a new location to "appear for a bond hearing" is factually and legally unsupported. The Atlanta Immigration Court is the administrative control court for the Etowah County Jail and has full authority to adjudicate bond matters for individuals detained at that facility. There is no requirement that Petitioner be moved hundreds or thousands of miles away to receive the hearing this Court ordered.

3. **Clandestine Transfer vs. Immediate Release:** If the Government truly lacks the ability to effectuate the Court's ordered relief without subjecting Petitioner to another clandestine, out-of-district transfer, then the appropriate measure is not a violation of his Due Process and access to counsel and family. Rather, the only efficacious remedy is Petitioner's immediate release on recognizance.

Petitioner remains available for a conference at the Court's convenience to prevent this unauthorized transfer from being finalized.

(emphasis in original).

The foregoing emails demonstrate the parties' core dispute turns on whether the Government is permitted to transfer Petitioner now that the Court has resolved his habeas petition. There, however, is no need for the Court to hold a status conference regarding this issue. Rather, the Court will simply clarify that the Government is permitted to transfer Petitioner at this time because the Orders enjoining his transfer expired with the entry of the Court's February 13, 2026, Memorandum Opinion and Order and accompanying Judgment Order. [*See* Doc. 4 (enjoining Respondents "from removing Petitioner from the Eastern District of Tennessee or the jurisdiction of this Court for fourteen (14) days following entry of this Order, *or until the petition is fully and finally disposed*, whichever occurs first" (emphasis added)); Doc. 29 (modifying where Petitioner was to be held but not altering when the temporary restraining order would expire); Doc. 30 (Memorandum Opinion and Order fully resolving the petition); Doc. 31 (Judgment Order)]. The Court will further note that while it ordered the Government to provide Petitioner with a bond

3

hearing within ten days—and fully expects the Government to comply with this Order and timely provide Petitioner a legally adequate bond hearing—it did not otherwise limit the manner in which the Government must carry out this duty. If the Government transfers Petitioner to a new facility for his bond hearing, that is permissible under the Court's Memorandum Opinion and Order. Accordingly, Petitioner's request for a status conference is **DENIED**.

   **SO ORDERED.**

         */s/ Charles E. Atchley, Jr.*
         **CHARLES E. ATCHLEY, JR.**
         **UNITED STATES DISTRICT JUDGE**