UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RICARDO DE LEON TREJO, | ) | |
| *Petitioner*, | ) ) | Case No. 3:26-cv-47 |
| v. | ) ) | Judge Atchley |
| CHRISTOPHER S. BULLOCK and TOM SPANGLER, | ) ) ) ) | Magistrate Judge Poplin |
| *Respondents*. | ) ) | |

## MEMORANDUM AND ORDER

Before the Court is Petitioner Ricardo De Leon Trejo's emergency motion to enforce this Court's February 13, 2026, judgment requiring the Government to provide Petitioner with a bond hearing consistent with 8 U.S.C. § 1226(a) within ten days. [Doc. 33]. The Government has filed a response opposing the motion, [Doc. 34], and Petitioner has replied, [Docs. 35, 38]. Consistent with a prior Order, [Doc. 36], Petitioner's bond hearing transcript and evidence have also been submitted for consideration. [Doc. 37]. Having fully considered the evidence, the Parties' arguments, and the applicable law, the Court finds that Petitioner's motion [Doc. 33] should be **DENIED**.

I.      RELEVANT BACKGROUND

Petitioner, a Mexican national who entered the United States without inspection years ago, was taken into custody by the Immigration and Customs Enforcement ("ICE") in Knox County, Tennessee, and served with a Notice to Appear, which was issued on the basis that he was present in the United States without being admitted or paroled, in violation of 8 U.S.C. § 1182(a)(6)(A)(i), and that he was present without being in possession of a valid entry or travel documents in violation

of 8 U.S.C. § 1182(a)(7)(A)(i)(I). [*See, e.g.*, Doc. 1; Doc. 25-1]. On February 2, 2026, he filed a federal habeas petition under 28 U.S.C. § 2241, asserting that he was being unlawfully detained under the mandatory detention provisions of the Immigration and Nationality Act ("INA"). [Doc. 1]. After the issues were briefed, the Court granted the petition in part, ordering the Government to provide Petitioner with a bond hearing consistent with 8 U.S.C. § 1226(a) within ten days of its February 13 Order. [Doc. 30].

The Immigration Court in Oakdale, Louisiana held Petitioner's bond hearing on February 20, 2026. [Doc. 33-2]. Immigration Judge ("IJ") Justin Dinsdale initially denied Petitioner bond based on a lack of jurisdiction given the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), as both the Immigration Court and Petitioner were physically located in the Fifth Circuit. [*See* Doc. 37-1 p. 4–5]. But, after hearing the Parties' arguments, including the Government's agreement that a bond hearing under § 1226 was required, the IJ rescinded its jurisdictional decision and considered the issue of bond on the merits. [*Id.* at 5–7].

During the hearing, Petitioner's counsel presented evidence and argued that Petitioner's family and community ties, his moral character and evidence of compliance, his pending immigration applications, and his assets and evidence of financial responsibility supported his release on bond. [*Id.* at 1–2, 6]. The Government argued that Petitioner is a flight risk because he has no familial ties to his sponsor, his sponsor lacked sufficient income or resources on her own to sponsor a bond or secure Petitioner's appearance before the Immigration Court, and Petitioner had reentered the United States unlawfully on multiple occasions after voluntarily returning to Mexico after being told to leave the United States, including twice in 2024. [*Id.* at 3–4, 6].

After receiving evidence and hearing argument, the IJ denied Petitioner's request for bond, concluding the evidence supported a finding that Petitioner is a flight risk [*Id.* at 7]. Petitioner reserved his right to appeal [Doc. 33-2 at 2].

The instant motion followed, with Petitioner requesting to be immediately released from custody or released on bond conditions set by this Court. [Doc. 33 at 7]. In support of his request, Petitioner claims that the Government failed to provide Petitioner with a bond hearing consistent with 8 U.S.C. § 1226(a), arguing the IJ (1) initially denied bond based on a lack of jurisdiction despite this Court's Order constituting the law of the case; and (2) made a "sham" finding that Petitioner was a flight risk, a finding "untethered to the evidentiary record" and "predicated on a logical fallacy that effectively renders this Court's Habeas mandate a nullity" [*See id.* at 2–5].

The Government opposes Petitioner's motion, arguing there is nothing left in this action for the Court to enforce, because Petitioner had a bond hearing where an individualized custody determination was made [*See generally* Doc. 34].

## II. ANALYSIS

At the outset, the Court notes that it has no authority to determine whether the IJ's discretionary determinations are correct. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); *see also Demore v. Kim*, 538 U.S. 510, 516–17 (2003). Instead, this Court's jurisdiction to review Petitioner's bond hearing is limited to whether it satisfied due process or otherwise suffered some defect that rendered it noncompliant with this Court's Order. *See, e.g.*, *Ghanem v. Warden Essex Cnty. Corr. Fac.*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); *Gentry v. Deuth*, 456 F.3d 687, 692 (6th

Cir. 2006). In reaching its decision, the Court considers whether Petitioner's bond hearing complied with "[t]he fundamental requirement of due process" that he be provided with an "opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

The Court finds that the hearing did comply with due process. At Petitioner's bond hearing, both Parties presented evidence to the IJ, Petitioner had the assistance of counsel who argued on his behalf, and the IJ reviewed the information provided to decide that Petitioner's circumstances rendered him a flight risk. The fact that Petitioner disagrees with the IJ's decision "does not constitute a violation of the Due Process Clause." *See Al-Shabee v. Gonzales*, 188 F. App'x 333, 339 (6th Cir. 2006).

Accordingly, the Court finds Petitioner is now detained under § 1226(a) and has received a bond hearing before an IJ in compliance with this Court's Order. Petitioner's avenue for review of the IJ's decision is by exercising his option to appeal the IJ's Order to the Board of Immigration Appeals ("BIA").

### III. CONCLUSION

As set forth above, the Government has complied with this Court's Order, and Petitioner's dissatisfaction with the IJ's decision is to be taken up with the BIA, not this Court. Accordingly, the Court **DENIES** Petitioner's motion [Doc. 33].

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**