# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| RICARDO DE LEON TREJO, | ) | |
| | ) | |
| *Petitioner*, | ) | Case No. 3:26-cv-47 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| CHRISTOPHER S. BULLOCK, *et al.*, | ) | Magistrate Judge Poplin |
| | ) | |
| | ) | |
| *Respondents*. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Ricardo De Leon Trejo's second emergency motion seeking to enforce the Judgment this Court entered on February 13, 2026 [Doc. 43]. The Government has filed a response opposing the motion [Doc. 45], and Petitioner has replied [46]. For the reasons set forth below, the motion [Doc. 43] will be denied.

## I.      RELEVANT BACKGROUND & PROCEDURAL HISTORY

In late January 2026, Petitioner, a Mexican national, was arrested by the Immigration and Customs Enforcement ("ICE") in Knox County, Tennessee, and served with a Notice to Appear based on his unlawful presence in the United States. [*See, e.g.*, Doc. 1; Doc. 25-1]. While in Knox County, Petitioner filed a federal habeas petition under 28 U.S.C. § 2241 asserting he was unlawfully detained under the mandatory detention provisions of the Immigration and Nationality Act ("INA") § 235(b)(2), codified at 8 U.S.C. § 1225(b)(2)(A). [Doc. 1]. After the issues were briefed, the Court entered a Memorandum Opinion and Order and Judgment Order on February 13, 2026, granting partial habeas relief. [Doc. 30]. Specifically, the Court found that 8 U.S.C. § 1226(a)'s discretionary-detention provision governed Petitioner's detention and ordered the

Government to provide Petitioner with a bond hearing consistent with that statute within ten days. [*See id.* at 9–10].

On February 20, 2026, the Immigration Court in Oakdale, Louisiana held a bond hearing in Petitioner's case, and the Immigration Judge ("IJ") ultimately denied bond after hearing evidence and finding Petitioner's circumstances rendered him a flight risk. [Doc. 33-2]. Petitioner then filed his first emergency motion to enforce judgment in this Court, with Petitioner requesting to be immediately released from custody or released on bond conditions set by this Court. [Doc. 33 at 7]. This Court denied Petitioner's motion, finding his hearing was sufficient to satisfy due process and that Petitioner's "avenue to a review of the IJ's decision is by exercising his option to appeal the IJ's Order to the Board of Immigration Appeals ('BIA')." [Doc. 39 at 4].

Petitioner appealed this Court's decisions—both (i) the Memorandum Opinion and Order regarding the underlying habeas petition and (ii) the Memorandum and Order denying his first emergency motion—to the Sixth Circuit. [Doc. 40]. That appeal remains pending. *See De Leon Trejo v. Bullock*, No. 26-5186 (6th Cir.). Petitioner also filed an Emergency Motion for Release Pending Appeal with the Sixth Circuit. [No. 26-5186, Doc. 7]. The Sixth Circuit denied Petitioner's motion and rejected Petitioner's argument that appeal to the BIA would be futile, noting that "an appeal to the BIA [would appear to be] a constitutionally sufficient opportunity to argue that the law-of-the-case doctrine requires the BIA to follow the district court's interpretation of §§ 1225 and 1226." [No. 26-5186, Doc. 16 at 6].

Petitioner appealed the February 20 bond decision to the BIA. [Doc. 45 at 2]. That appeal also remains pending. [*Id.*].

Petitioner filed two subsequent requests for a bond redetermination with the IJ, arguing that changes in law justified reconsideration of Petitioner's custody status. [Docs. 45-1, 45-2]. The

2

IJ denied Petitioner's first redetermination request without a hearing on June 5, 2026, stating, "There has been no material change in law or fact. The Fifth Circuit is binding precedent for this Court" and citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).[1] [Doc. 43-1 at 3–4]. Petitioner did not appeal that decision. [Doc. 45 at 2–3].

On July 9, 2026, the Immigration Court issued an order terminating removal proceedings against Petitioner [Doc. 43-2]. The Department of Homeland Security ("DHS") reserved its right to appeal that decision and has until August 9, 2026, to file an appeal. [*Id*. at 2].

On July 12, 2026, ICE served Petitioner with an administrative parole denial dated July 1, 2026, indicating Petitioner was evaluated under parole standards reserved for "arriving aliens" subject to the mandatory detention framework of § 1225(b). [Doc. 43-3].

On July 13, 2026, the IJ denied Petitioner's second custody redetermination request, maintaining it lacked jurisdiction under the BIA precedent of *Matter of Yajure Hurtado*[2] and the Fifth Circuit's decision in *Buenrostro-Mendez*. [Doc. 43-1 at 1–2]. Both Petitioner and the Government reserved appeal of this decision [*See* Doc. 43-1]. The Government contends that, at the time of their response to Petitioner's motion on July 22, 2026, Petitioner had not appealed. [Doc. 45 at 3; Doc. 43-1].

After the denial of his second bond redetermination request, Petitioner filed the instant motion arguing that (1) since removal proceedings against Petitioner have been terminated, there

---

[1] In *Buenrostro-Mendez*, the Fifth Circuit held that anyone present in the United States without lawful admission is an "applicant for admission" under 8 U.S.C. § 1225(a)(1) subject to mandatory detention. 166 F.4th 494 (5th Cir. 2026). The Government concedes that the IJ erred in citing this ruling to deny jurisdiction but acknowledges that Petitioner's detention is governed by 8 U.S.C. § 1226(a). [*See* Doc. 45 at 3].

[2] In this decision, the BIA held that noncitizens who entered the United States unlawfully are subject to the mandatory detention provisions of § 1225(b)(2)(A). *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

is no authority for his continued detention, and (2) the Government has maintained custody of Petitioner by resubjecting him to the § 1225(b) mandatory-detention framework rejected by this Court and the Sixth Circuit in *Lopez-Campos v. Raycraft*, 2026 WL 128389 (6th Cir. May 11, 2026). [*See* Doc. 43]. Thus, Petitioner urges the Court to convert its conditional habeas Judgment into an unconditional order of release. [*See* Docs. 43, 46].

II.     ANALYSIS

To recap, on February 13, 2026, this Court determined that Petitioner's detention is governed by 8 U.S.C. § 1226(a) and ordered that he receive a bond hearing. [Docs. 30, 31]. A bond hearing was thereafter held, and bond was denied. In two subsequent bond redeterminations, one occurring after removal proceedings against Petitioner were terminated, an IJ checked a boilerplate form to declare that the tribunal lacked jurisdiction to consider Petitioner's bond request. [*See* Doc. 43-1]. Now the Court must determine whether that ruling is "a direct, on-the-record rebellion against this Court's mandate" that requires this Court's immediate intervention, as Petitioner suggests [Doc. 43 at 2], or a premature attack on an unexhausted administrative process, as the Government submits [Doc. 45]. The Court finds it is the latter.

"A federal district court retains jurisdiction to determine whether a party has complied with the terms of a conditional order in a habeas case." *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006). Here, the Court's ruling was carried out when Petitioner received a prompt bond hearing that this Court found was sufficient to satisfy due process. [*See* Docs. 30, 39].

And Petitioner's argument that the July 9 termination of his removal proceedings otherwise mandates his immediate release is premature, because DHS has reserved its right to appeal that order. [Doc. 43-2]. Therefore, the IJ's order is not yet final. 8 C.F.R. § 1003.39 ("Except when

4

certified to the Board, the decision of the Immigration Judge becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first.").

Even so, the Court finds Petitioner's continued detention absent active removal proceedings perplexing, at best. The Court also finds merit in Petitioner's argument that the IJ cannot nullify this Court's Judgment by returning to a mandatory detention provision that this Court has already held inapplicable to Petitioner's circumstances. And while Respondent states that "DHS has at all times acknowledged—and operated under the understanding—that Petitioner's detention is governed by 8 U.S.C. § 1226(a)[,]" it would appear that the IJ does not share that understanding, as the IJ's ruling is essentially one that there is no bond jurisdiction because Petitioner is subject to mandatory detention.[3] [*See* Doc. 45 at 3]. Nonetheless, the Court is not persuaded that the instant motion is the means to correct the IJ's error.

Here, there has not been an order from the BIA on appeal to rebut the Sixth Circuit's determination that Petitioner's opportunities for review before that body are "constitutionally sufficient" [No. 26-5186, Doc. 16 at 6]. And, to the extent Petitioner is (rightfully) concerned about the IJ's application of § 1226(a) to Petitioner's detention, he may take that issue up with the BIA, who has the authority to remand the matter to the IJ for a review of the merits. Accordingly, given this case's posture, the Court finds the administrative process the proper vehicle for Petitioner's complaints, and Petitioner's motion will be denied.

---

[3] The fact that Petitioner was able to request a bond redetermination in front of an IJ is itself an indicator that Petitioner is detained under 8 U.S.C. § 1226(a). *See* 8 C.F.R. § 1003.19(a) (authorizing review of custody determinations made pursuant to 8 C.F.R. § 1226); 8 C.F.R. § 1003.19(b) (authorizing application for initial bond redetermination); 8 C.F.R. § 1003.19(e) (entitling detainee to request redetermination in front of an IJ if they can demonstrate that their "circumstances have changed materially since the prior bond redetermination"). Thus, it appears a determination that Petitioner is subject to mandatory detention would be inconsistent with the regulatory authority governing bond redeterminations.

**III.    CONCLUSION**

As set forth above, the Court's intervention in Petitioner's administrative proceedings is unjustified, and his Emergency Motion to Enforce Judgment [Doc. 43] is **DENIED**.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**